This next case is 4-13-0460, People v. Artist Fenn. Appearing for the appellant is Attorney Sharifa Rahmani. Did I pronounce your name correctly? Yes, you did. Alright, thank you. And for the appellee is Attorney Luke Neal. Counselor, are you ready to proceed? Yes. Good morning, Your Honors. Counsel, please report. My name is Sharifa Rahmani from the Office of the State Appellate Defender on behalf of Artist Fenn. This morning I'd like to focus on Issue 1. If you have questions about the other issues, I'd be happy to answer them. The issue before this court is whether Curtis Mosley's testimonial hearsay statements were erroneously admitted at trial where the state failed to prove forfeiture by wrongdoing. Specifically before this court, however, as a matter of first impression, whether the defendant's right to confrontation applies at a forfeiture by wrongdoing hearing. The state's theory at the hearing, at the forfeiture by wrongdoing hearing, was that Fenn, Artist Fenn, solicited Jahkeem Nelson to call Curtis Mosley and try to bribe him into not testifying at trial. And then after that proved unsuccessful, Fenn allegedly killed Mosley. Nelson was not presented as a witness at the hearing, but Detective Smyzor recounted Nelson's testimonial hearsay statements that were purportedly made after his arrest. Now, Counsel, at the hearing, was the objection made to the fact that Nelson was not appearing personally, or was the only objection based on hearsay? It was objected to on hearsay grounds. And while Nelson didn't appear at the hearing, the statements that Detective Smyzor recounted were basically that Nelson said that he knew Fenn, that Fenn called him. Fenn asked him to apologize to Mosley and to offer him money not to go to court and to tell Mosley that he had tax money coming and would pay him with that. Nelson's testimonial hearsay statements were the linchpin of the state's case and were relied on by the court to find that the state met their burden at this hearing. The state doesn't deny that Nelson's statements were testimonial hearsay, that Nelson was available to testify at the hearing, or that Fenn did not have a prior opportunity to cross-examine Nelson. And the state does not dispute that the right to confrontation in Illinois automatically arises at the initiation of the adversary process, or that the adversary process commenced prior to the forfeiture by wrongdoing hearing in this case. While Illinois has not yet decided whether the issue of whether the right to confrontation applies at pretrial evidentiary hearings, several other court jurisdictions have. And several of these courts have held that the right to confrontation does apply at pretrial evidentiary hearings and have reasoned that, like the Sixth Amendment right to counsel, the right to confrontation should apply because this is a critical decision to proceed against the defendant. These courts recognize that the ultimate issue of guilt or innocence is not decided at these hearings, but have noted that the hearings affect the defendant's substantial rights. They are adversarial in nature. They require the resolution of factual issues. By the trier of fact, they often dispose of an issue and they, at the very least, have a very significant impact on the outcome of trial. Given that the forfeiture by wrongdoing hearing is essentially a mini-trial within a trial court, it is adversarial in nature. And at these hearings, credibility determinations are crucial. They also, and they require that the final resolution, like the evidence, the trier of fact, must weigh the evidence and be able to assess the credibility of the witnesses. And the results of these hearings can have an effect on the outcome of trial. It's necessary that the defendant have been afforded the right to confront Nelson at this hearing. Because Nelson did not testify, the court was deprived any opportunity of assessing Nelson's credibility. After his arrest, Nelson was interviewed and he made a statement, but as his fate of coming closer to being put in jail, he was giving more and more information to the officers on his way during the interview. And here we don't have just the dangers commonly associated with admitting hearsay, but these dangers were exacerbated by the fact that Nelson was attempting to curry favor with the police. And he was trying to implicate Fenton. Here, had Nelson been called as a witness, defense counsel could have cross-examined Nelson to find out whether or not the statements were made, what motives were those statements made with, had anybody promised anything to Nelson in exchange for a statement. Did the state promise anything, or was he getting anything from the state, was the police promising him anything, or was someone else promising him anything, threatening him? We don't know any of this. And also, we don't know if these statements were made in hopes of leniency from the state. And because Nelson did not testify at the trial, there was no way for the court to assess the manner in which he was testifying. And the Confrontation Clause commands not that evidence is reliable, but that reliability be assessed in a particular manner by testing it through the crucible of cross-examination. And here, there was no way to test Nelson's statements. And being able to test his statements were particularly crucial in this case, because they were relied on by the court. The factual truth of those statements were relied on by the court. And it was the sole evidence reportedly showing that Ben had solicited Nelson to call Mosley or to attempt to bribe him. And instead, the court just blindly relied on this evidence. And because this evidence was used to bolster the shake-eye identification of Nelson as the alleged shooter at the hearing, the objective evidence showed that Ben had a tattoo on the left side of his face. The eyewitnesses said it was on the right side. The tattoo was of a single cross or an X tattoo, but the eyewitnesses said it was either one large or two small teardrop tattoos. And aside from Nelson's testimonial hearsay statements, the state's evidence failed to establish intent. There was no evidence, neither Michelle's or Haley's testimony connected Ben to the call or the bribe. And here, this issue, this error was not harmless at all because of the way it was used by the court and the way it was relied on by the court. And because the admissions of Nelson's statements at the forfeiture by wrongdoing violated Fred's right to confrontation at the hearing or were used to bolster the state's weak evidence, the state failed to prove forfeiture by wrongdoing. Now, counsel, I asked you earlier about whether or not there was an objection based on the confrontation. The right to confrontation, you indicated that it was only based on hearsay. So if we were to find that you forfeited the right to go forward as far as only objecting based on hearsay, you take the position that you would be entitled to review as far as plain error. And in your brief, I wasn't quite sure what you were getting at. Are you suggesting that the plain error analysis would be of the forfeiture for wrongdoing hearing or we're looking at the trial? I wasn't quite clear on that. Your Honor, well, first, the objection was made on hearsay grounds. Right, and now it's being raised regarding confrontation. Correct. And the state, in their brief, has only argued that it is forfeited because it was not included in the post-trial motion. And so with regard to the specificity of the objection, the state has waived the opportunity to argue that now that it is forfeited on the grounds of the specificity of the objection. And with regard to the harmlessness, the error at the trial or at the hearing was not harmless as was the error. Because the trial court relied on this evidence at the hearing and it was not harmless at the hearing. So it is preserved. And because it is preserved, it was not harmless at the hearing. But also, even if it wasn't preserved, it could still be reviewed because it involves a constitutional right. And the issue involves a constitutional right, so it could still be reviewed. We're solely focused on the forfeiture for wrongdoing hearing. We're not applying any of those to the trial. But this is specific to the issue of the forfeiture for wrongdoing hearing. But also, because this evidence was relied on at the hearing, the error of admitting, ultimately, the decision to admit Moseley's testimony or statement was based on the hearing. And so the issue as far as whether the issue is preserved for the trial, the error of trial of admitting Moseley's testimony or statement, that was preserved. It was litigated, fully in limine, and under the Enoch, it's a constitutional error. So even though it wasn't included in the post-trial motion, it could be reviewed. And the evidence in this issue, and so it would be harmless error applied to the issue regarding the trial. And the error there was not harmless. There was no eyewitness that saw Fenn fire the gun that he allegedly had. There was no, nobody saw him shoot Fenn. There was no DNA. There were no fingerprints. There's unrebutted evidence that Cheney, the alleged accomplice, had a rifle in his trunk. But counsel, let me ask you this. I want to make sure that I'm understanding what you're saying. But ultimately, if we were to find that the statement should not have been allowed at the forfeiture for wrongdoing hearing, then the same applies to we never get to the point that it's coming in at trial, right? And vice versa. Do you see what I'm saying? If, with regard to Nelson's statement, if they did not come in at the hearing, it should have never, Mosley's statement should have never come in at trial, because the state otherwise failed to prove forfeiture by wrongdoing. And also with regard to harmlessness, the ballistics from the barrel that were recovered never matched the bullet recovered from Mosley's. So there's no way that this could have been harmless. So because of the admission of Nelson's testimonial, hearsay statements, violated gun rights confrontation at the hearing, and were used to bolster the state's weak evidence, which failed to prove forfeiture by wrongdoing, the trial court erred in admitting Mosley's statements at trial. This court should therefore reverse the remand for a new trial or a minimum remand for a new forfeiture by wrongdoing hearing. If the court doesn't have any other questions. Thank you. Thank you. I first would like to call your attention to counsel's reply brief on the first page. I'd like to respond to the accusation of grossly mischaracterizing the record. I stated defense counsel conceded that the testimony by the officer was reliable and admissible, and that the interest of justice would be served if the court indeed ultimately found the defendant was involved in the murder. Those are basically the last two prongs of section 10.6. They weren't applicable at the hearing. Nobody disputed that there were sufficient safeguards of reliability on these statements, and nobody disputed that the interest of justice would be served. The only thing in dispute was whether the defendant actually murdered Mosley and whether that was intended to prevent him from testifying. If you look at page 2, the next paragraph of counsel's brief, the first two sentences, says what defense counsel argued. Defense counsel argued that the state did not prove that Finn killed Mosley or that Finn did so with the intent to procure Mosley's absence as a witness. Defense counsel agreed, however, that if the state proved Finn killed Mosley and did so with the requisite intent, that Mosley's statements would be admissible. This is basically rearranging the words that counsel stated was a gross mischaracterization of the record. So I just wanted to point that out before I got started. This is not really a question of first impression. People v. Stakely, which I cited in my brief, specifically notes that hearsay evidence is admissible at forfeiture by wrongdoing hearings. I pinpoint cited that in my brief. It's also Stakely, the Supreme Court, cited to the U.S. Supreme Court in Davis, 547 U.S. at 833, specifically stating they agree with that principle. That only makes sense. This is a forfeiture by wrongdoing proceeding. This clearly is dealing with an unavailable witness, in this case by murder. Clearly there's going to be some out-of-court statements involved. So Stakely, the U.S. Supreme Court, is correct in that. If this court did find specifically that hearsay is inadmissible at these trials, it would be the first court to do so. The defendant fails to cite and I failed to find any cases that specifically hold hearsay evidence is inadmissible at these forfeiture by wrongdoing proceedings. Also, neither of these issues were preserved in a post-trial motion. Specifically, the issue of Nelson's inadmissible hearsay evidence. Therefore, it is forfeited and there was no error whatsoever. So it can't raise to the level of plain error. It doesn't even raise to the level of harmless error. Looking at the specifics of this hearing, without even getting into Jaquib Nelson's statement, Michelle and Haley Cain both witnessed this murder. Both specifically identified the defendant as the murderer. They also heard a phone conversation briefly before that. It's unclear who was on the phone with Mosley, but the intention was clear. They were offering him money not to testify the next day against the defendant. Within an hour of that phone call, the defendant busts into the house and kills Mosley. It's hard to imagine a more perfect scenario of forfeiture by wrongdoing than this case. The only way it would be more solid is if the defendant specifically stated, I'm shooting you so you don't testify against me tomorrow. That's about the only way we can have more intent than in this case right now. Again, we have to remember that preponderance of the evidence was the burden here. In other words, the trial court had to find it was more likely than not the defendant murdered Mosley, more likely than not that he did so with the intent to prevent him from testifying. Let's start with the defendant murdering Mosley. This one's clear. As the trial court noted, almost beyond a reasonable doubt. I would say it is beyond a reasonable doubt, but that doesn't matter. It's at least preponderance of the evidence. Two eyewitnesses specifically identified the defendant. It doesn't get more open and shut than that. There were some inconsistencies in their testimony regarding the defendant's small face tattoo. Again, we have to remember the scenario where these two observed the defendant. They were observing him busting into a house and shooting one of their loved ones and killing him. So I think it's understandable if they do not get the exact details of the artwork of the defendant's face tattoo correct. More importantly, they noticed that the shooter had a face tattoo. This is a pretty small segment of the population which the defendant was a member of. And in that case, it supports the reliability of their statements. And of course the trial court was in the best position to evaluate Michelle and Haley King's testimony anyway, and all the witnesses for that matter. So the reason I mention just their testimony is because it doesn't have anything to do with Nelson. The intent and the identification of the defendant as the murderer was clear just from their testimony. There's no argument that their testimony was inadmissible. There was hearsay involved, although it involved the actual dead witness, Mosley. So clearly, pursuant to Stakely, that evidence is admissible. Also, it's well-settled intent, of course, and almost every situation is proved by circumstantial evidence. People don't go around just verbally declaring their intent. The world doesn't work that way. It's probably doubly true in criminal matters. So in this case, we have a phone call within an hour of the defendant's murder offering a bribe to not testify. Within an hour, the defendant was shot dead by the defendant who he was going to testify against the next day. It's not hard to connect the dots here. The state was served this case on a silver platter. The circumstantial evidence, in fact, the only reasonable inference to make, there's no other suggestion in the record at all, was that the defendant killed Mosley to prevent him from testifying against him the next day. I would also note, People v. Stakely, it involved a forfeiture by wrongdoing, but not a murder. It suggested, it didn't hold, but suggested that in cases forfeiture by wrongdoing involving murder, that intent should be presumed. And I think, I urge this court to so hold, it would be the first court to specifically hold that, although it would be at the Illinois Supreme Court's suggestion in Stakely, because intent should be presumed because it's an absolute certainty that that witness is going to be unavailable if they get murdered. There's no more unavailable than no longer living. So, Stakely's logic is solid in that department, and this court should presume intent, although they don't have to in this case because intent was cleared. So, that is, I mention all of that without mentioning the Nelson Statement that Detective Smyser testified to, because clearly, we don't have to get to that. It was clearly harmless error beyond a reasonable doubt, even if it was error to admit Nelson's statement, which it wasn't. People v. Stakely, like I said, specifically held hearsay evidence is admissible at forfeiture by wrongdoing hearings. It only makes sense. We're dealing with an unavailable witness. This is not the case of People v. Foltz that the defendant cited. That involved a motion to suppress hearing. It does not have the special circumstances of an unavailable witness or the determinations of an unavailable witness that these forfeiture by wrongdoing proceedings apply to. So, clearly, hearsay evidence pursuant to People v. Stakely is admissible here. So, Joaquin Nelson's statements were admissible, especially when you consider they were forfeited by not being raised in a post-trial motion anyway. That's what I wanted to ask, counsel. Was it your position that the objection based on the right to confrontation, that that was not raised prior to appeal? Or are you saying just solely based on not raising it in a post-trial motion? I don't remember the exact objection made. I know it was just, I think, a one-time objection, but they objected to Detective Smyser. Based on hearsay? Well, Brie and Nelson's statement. Right, and failed to in the post-trial motion. So, I mean, it's well settled that if it's not preserved in a post-trial motion, it's forfeited. But it's a constitutional issue, so the rule is a little bit different. True. I mean, harmless error applies to constitutional issues as well. So you're saying it should be a harmless error analysis? If it is error, which clearly it isn't. Pursuant to Stakeley, this hearsay evidence was admissible. If this court finds otherwise, it would be the first court to do so. The ultimate finding at the forfeiture by wrongdoing hearing, if we want to assume further for argument's sake, we want to assume that it was error to admit Nelson's statements. Clearly it would be harmless because of Michelle Cain and Haley Cain's testimony that clearly showed defendant's intent. But we'll assume that it was error to admit Nelson's statements, and then it was error to rely on those statements to ultimately grant the state's motion to eliminate. Even then, defendant wasn't prejudiced, the trial would have ended the same way, beyond a reasonable doubt. The evidence against defendant at trial was overwhelming. Tommy Jackson was also a victim in the armed robbery that defendant had against Mosley. Tommy Jackson testified him and Mosley were sitting there. Defendant and accomplice come up, defendant's carrying a .22 caliber rifle, the other guy doesn't have a gun. Nowhere for him possibly to conceal a long rifle like a .22 rifle. It was summer, they didn't have coats on or any heavy clothes or anything like that. The robbery goes south, Mosley runs one way, Jackson runs another way, Jackson hears shots. He didn't see defendant shoot Mosley, but he testified that he knew it was defendant that shot him. This is pretty strong evidence. Of course it's the only logical conclusion, defendant was the only one with a rifle at the time. Mosley had .22 caliber bullets in him, there were .22 caliber rounds around the robbery scene. Basically Mosley's out-of-court statements said the same thing. Without those, defendant still would have been found guilty beyond a reasonable doubt. Even assuming it was error to allow Nelson's statements and assuming those statements were what caused the forfeiture by wrongdoing hearing to be found in the state's favor, still it was a harmless error because defendant would have been found guilty beyond a reasonable doubt. We can take our pick on where you want to apply the harmless error, but at any rate, and again that's assuming that the hearsay evidence is even inadmissible, which it wasn't clearly. As for the excessive sentence argument, it was within statutory limits. The crime was serious, defendant fired gunshots in the middle of the day in a residential neighborhood at a business that was open. It's a miracle no one else was shot or killed by stray gunfire, and the seriousness of the offense was taken into account in the deterrence factor that the court factored into it. Clearly this was not an abuse of discretion for the trial court to find that way. Also, defendant had a lengthy criminal history already, even at his young age. He had three felony convictions. The state was kind to him before, two times probation, one time a short prison sentence, both times probation he violated, and then violated MSR after his short prison sentence. So clearly defendant did absolutely nothing to show any rehabilitative potential in the past with his lenient sentences. Because this was within the statutory limits, the trial court didn't abuse his discretion in sentencing defendant. If there are no more questions. Thank you. I'd like to make just a few points. Statutory states in DICTA that, or has mentioned that in DICTA about the presumption of intent. However, no court in Illinois has held that intent can be presumed in murder cases. And it's clear that the legislature has intended that intent in fact be proven. The statute under which the state sought admission of Mosley's statements at trial states that it requires that intent be proven. And also there's specific provisions stating that it does not otherwise change the application of common law. And that common law intent is also required to be proven. So neither state that intent can be presumed. And the state mentioned that here the burden was, at the hearing the burden was a preponderance of evidence. And that's exactly why there need to be safeguards at this type of hearing. Because there is such a low burden. If there aren't safeguards where evidence can be tested at this hearing and the ultimate conclusion of the hearing could have an effect at trial. And the evidence that it would be admitting at trial can't be tested at trial. So that's why there need to be these safeguards of the Sixth Amendment at the forfeiture by wrongdoing hearing. The state argues that the evidence absent Nelson's statements, the evidence was sufficient to prove intent at the hearing. That in fact is not the case. Neither Michelle or Haley's testimony establishes that Fenn was in any way connected to the bribe. Or acquiesced to the bribe. Or in any way connected to the call. In fact Michelle's testimony is the exact reason. While hearsay is admissible at these hearings, it should be considered with extreme caution the level of hearsay that is admissible. That there should be some sort of limit. Because Michelle's testimony is a prime example of why admitting multiple hearsay can in fact be a problem. Because Michelle at first testified, oh, well, you know, Fenn, Mosley said that the caller said that Fenn asked him to call. But then when the state immediately followed up and said, okay, who asked to have the call made? Michelle responded, sir. And then she admitted. And then the state asked, he gave the name as to who asked to have the call made. And she said he just, meaning the caller, the person on the phone, told him the Arsons family wanted to offer money not to show up. That in no way connects my client to that phone call. The state does not connect any proof of my client connected to the bribe or connected to the call. And absent that, there was no evidence of intent. And specifically in the court's findings, the court said the person that called Mosley was interviewed by the Urbana Police Department and he said it was Mr. Fenn and had him call Mr. Mosley to try to arrange payment so that Mr. Mosley wouldn't testify. Mr. Mosley has been identified as the individual who tried to get Mr. Mosley not to testify. The court specifically relied on Nelson's testimonial hearsay statements. And without an opportunity to be able to confront him at this hearing, ultimately deprived him of any ability to be able to test this evidence. And if I just have one second. And with regard to the excessive sentence argument, I'll rest on my brief just noting a couple, making a couple points. That this, my client received the maximum 30 year sentence. He had three prior class four felonies, none of which were violent. And he has a strong potential for rehabilitation. The sentence that he received was 24 years above the minimum and in fact 20 times longer of a sentence than any sentence, the only sentence he had ever received prior to that. And because the court abused its discretion imposing the maximum 30 year sentence, which was excessive, this court should reduce Fenn's sentence around the total alternative remand for a new sentencing hearing. Does that mean I'm out of time? It does. Okay, I'm out of time. But with regard to the first issue, we ask that you reverse the remand. Alright, thank you counsel. Thank you. Thank you both. The case will be taken under advisement and a written decision will issue. The court stands in recess. Thank you.